UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-106-FDW

| | |
|---|---|
| **MARVIN W. MILLSAPS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| **MS. MELTON, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint that was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). See 28 U.S.C. § 1915A(a).

## I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina and is presently confined in the Marion Correctional Institution with the Western District. In his pro se complaint, Plaintiff raises vague allegations regarding the refusal of one or more defendants to provide him with an extra mattress and he complains of difficulty in obtaining certain prescription medications or an appointment to see a foot specialist. (1:14-cv-106, Doc. No. 1 at 3-4). Plaintiff seeks compensatory and punitive monetary damages against each defendant and injunctive relief.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably

meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

Plaintiff is a prisoner of the State of North Carolina and as such his pro se § 1983 complaint must conform to the provisions of the Prisoner Litigation Reform Act ("PLRA") which provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and where the allegations supporting the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply

5

with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").[1]

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

In North Carolina, prisoners must complete the three step administrative remedy procedure in order to exhaust their administrative remedies. Plaintiff states that he has fully exhausted his administrative remedies by appealing the denial of his grievance at Step Two to the Inmate Resolution Board in Raleigh. Plaintiff indicates that he mailed the appeal to the board on April 8, 2014 but that he received no response. Plaintiff mailed his complaint on April 22, 2014. (Doc. No. 1 at 6).

Based on the record before the Court, it appears that Plaintiff failed to await the resolution of his grievance through Step Three before filing his complaint. Plaintiff's haste to present his claims in federal court does not excuse him from the obligation of awaiting the full resolution of his grievance. Accordingly, Plaintiff's complaint will be dismissed without prejudice to his ability

---

[1] See Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008) (describing the Three-Step Administrative Remedy Procedure which controls the filing of grievances in the prisons which are under the control of the North Carolina Department of Public Safety. See also N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A) ("Corrections Administrative Remedy Procedure").

to refile the complaint and submit proof that the grievance has been finally adjudicated in the administrative remedy procedure.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice for failure to exhaust his state administrative remedies. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Plaintiff's motions to show cause, for a preliminary injunction and for temporary restraining order are **DENIED**. (Doc. No. 3).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: April 28, 2014

Frank D. Whitney
Chief United States District Judge